JOURNAL ENTRY AND OPINION
Defendant, David Dillon, has filed a timely application for reopening pursuant to App. R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in State v. Dillon (Nov. 30, 2000), Cuyahoga App. No. 77847, unreported. In that opinion, we affirmed defendant's convictions for one count of possession of cocaine and one count of possession of heroin. The State of Ohio filed a Brief in Opposition to the Application for Reopening on March 13, 2001. We decline to reopen Dillon's original appeal for the following reasons:
 The doctrine of Res Judicata prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 1204. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
Herein, the Applicant possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. The Applicant, however, did not file an appeal with the Supreme Court of Ohio and has further failed to provide this court with any valid reason why no appeal was taken to the Supreme Court of Ohio. State v. Hicks (Oct. 28, 1982), Cuyahoga App. No. 44456, unreported, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug. 3, 1994), 70 Ohio St.3d 1408, 637 N.E.2d 6.
Additionally, Dillon failed to comply with App.R. 26(B)(2) which provides:
An application for reopening shall contain all of the following:
 * * * (D) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and reference to the record ***.
In this matter, Dillon failed to include such affidavit. Applicant's failure to comply with App.R. 26(B)(2)(d) is a sufficient basis for denying the application for reopening. See, e.g., State v. Towns (Oct. 23, 1997), Cuyahoga App. No. 71244, unreported, reopening disallowed (May 4, 2000), Motion No. 6308, at 4-5.
Notwithstanding the above, Dillon also failed to establish that his appellate counsel was ineffective. To establish such claim, applicant must demonstrate that counsel's performance was deficient and that deficiency prejudiced the defense. See Strickland v. Washington (1984), 466 U.S. 688,80 L.Ed.2d 674, 104 S.Ct. 2052; State V. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
In Strickland, the United States Supreme Court stated that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is too tempting for a defendant to second-guess his attorney after conviction and that it would be all too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland,104 S.Ct. at 2065.
In regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987,103 S.Ct. 3308. Additionally, appellate counsel is not required to argue assignments of error which are meritless. Barnes, supra.
Our substantive review of the application to reopen fails to demonstrate any genuine issue as to whether applicant was deprived of effective assistance of appellate counsel on appeal. In his first assignment of error, Dillon argues that the court abused its discretion by allowing the suppression hearing to go forward before ruling on his Motion to Compel the State to produce the affidavit of the search warrant and lab reports of scientific tests.[1]
Determining the sequence of events in a trial is within the trial court's prerogative pursuant to R.C. 2945.03. Such prerogative shall not be disturbed absent an abuse of discretion. See City of Cleveland v.White (Oct. 3, 1996), Cuyagoga App. No. 68457, unreported. See also Statev. Gee (June 2, 1994), Cuyahoga App. Nos. 64410, 64411, unreported. In the matter, sub judice, we do not find any abuse of discretion on the part of the trial court. The record indicates that the defense attorney reviewed the search warrant affidavit prior to the motion to suppress hearing and was able to cross-examine the officer about its contents. Furthermore, since the first report was not completed until some time on or after November 15, 2000, the test results could not have been a factor in the judge's decision to issue the warrant on November 12, 1999.
In his second assignment of error, Dillon claims that the State failed to disclose the first laboratory report and the zip-lock freezer bags. Crim R. 16(E)(3) provides for the regulation of discovery in criminal cases and permits a trial court to exercise discretion in determining an appropriate sanction for a discovery violation. State v. Wiles (1991),59 Ohio St.3d 71, 571 N.E.2d 97. Courts have consistently held that where a prosecutor violates Crim. R. 16 by failing to properly disclose evidence, a trial court does not abuse its discretion in admitting non-disclosed evidence where the record fails to disclose (1) a willful violation of the rule, (2) that foreknowledge would have benefitted the accused in the preparation of his or her defense, or (3) that the accused was unfairly prejudiced. State v. Otte (1996), 74 Ohio St.3d 555,660 N.E.2d 711; State v. Parson (1983), 6 Ohio St.3d 442, 453 N.E.2d 689.
Assuming arguendo that there was a discovery violation, the record does not demonstrate that the court abused its discretion.[2] There is no evidence that the State's discovery violation was willful. Prior knowledge of the two bags and the first lab report would not have benefitted the defense, and, more importantly, it would not have changed the outcome of the underlying case.
In his third assignment of error, Dillon claims "that the affidavit for search warrants (sic) contained only bare bones conclusion (sic) of informant that the Appellant had sold marijuana from his residence with nothing stated as to how the informant obtained that information or arrived at that conclusion and the affidavit failed to sufficiently establish the informant's veracity and reliability."
When a court reviews the sufficiency of probable cause in an affidavit, the court should not substitute its judgment by conducting ade novo review. Rather, the duty of the reviewing court is to ensure that the magistrate had a substantial basis for concluding that probable cause existed. Illinois v. Gates (1982, 462 U.S. 213, 103 S.Ct. 2317,76 L.Ed.2d 527; State v. George (1989), 45 Ohio St.3d 325, 544 N.E.2d 640. Our review of the record indicates that the issuing judge possessed a substantial basis for concluding that probable cause existed.
For the foregoing reasons, the application to reopen is denied.
Application denied.
 _________________________ JUDGE TERRENCE O'DONNELL:
 TIMOTHY E. McMONAGLE. P.J. and MICHAEL J. CORRIGAN. J. CONCUR.
[1] The evidence indicates that there were two separate lab reports. The first lab report stated the test results from the two bags that were retrieved from the Applicant's garbage prior to obtaining the search warrant, and the second lab report concerned tests done on items removed from the premises after the search.
[2] In the State's response to the request for discovery dated March 14, 2000, the State provided notice that it possessed bags and a lab report that the defense was permitted to inspect, photograph or copy.